IN RE ESTATE OF BUCKINGHAM.

[Cite as In re Estate of Buckingham, 9 Ohio App. 2d 305.]

(No. 820—Decided January 26, 1967.)

*Messrs. Spidel, Staley, Hole & Hanes,* for appellant Thomas C. Hanes.

*Mr. Robert J. Huffman,* for appellee Florine B. Buckingham.

CRAWFORD, J. The facts of this case are clear and undisputed. On November 30, 1957, Marlin E. Buckingham, decedent, borrowed the sum of $3,000 from one Lavern Crider to whom he gave his promissory note, payable in one year, secured by mortgage on his real estate. No payments were made on the principal until December 1, 1959, when Mrs. Florine Deering paid to Lavern Crider, out of her own funds, the sum of $3,075 in full payment of the note and mortgage, and the mortgage was released of record. On January 16, 1960, Florine Deering and the decedent were married. She is his surviving spouse and administratrix of his estate. Also surviving are children of decedent by a former marriage.

Florine B. Buckingham, the surviving spouse, proceeding under the provisions of Section 2117.02, Revised Code, presented her claim against the estate for the sum of $3,075 (including interest) so paid to Crider to discharge decedent's note and mortgage. On March 26, 1966, she filed in the Probate Court a petition for the allowance of her claim. This petition was duly verified and alleged that she loaned $3,000 to the de-

cedent for the purpose of paying the note and mortgage, that no part of the money has been repaid to her, and that the sum advanced is due her with interest.

Thomas C. Hanes was appointed by the court as special administrator to represent the estate. He and the two natural children and heirs of the decedent, Marlin E. Buckingham, resisted the claim.

After hearing, the court allowed the claim in the sum of $3,075. The administrator has appealed on questions of law.

The second assignment of error and one of the principal contentions of appellant is that the claim was barred by the six-year statute of limitations (Section 2305.07, Revised Code), more than six years having elapsed from the time of advancing the money on December 1 (or December 6), 1959, to the filing of claimant's petition of March 26, 1966.

The opinion of the Probate Court, which is found in the original papers, stated that when claimant loaned the money to the decedent she had no intention of making any demand for repayment by any specified date but instead had in mind that he would repay the money when he became able and when it would become convenient for him to do so, that he was never in a position to repay, that a reasonable time would have to elapse after the making of the loan before the statute of limitations would begin to run, and that the claim was not barred by the statute.

Such a conclusion as to claimant's intention is reasonably deducible from the evidence, as would be a similar conclusion as to decedent's intention. The evidence shows no agreement or understanding as to time of payment. Surely it was not to be repaid immediately, else why would claimant have rescued decedent from an indebtedness which he had failed to reduce in two years, and which was more than one year overdue? We find the Probate Court's reasoning valid, its conclusion sound and properly supported by the evidence.

According to the majority view a promise to pay when able or when convenient is a conditional promise, and the cause of action accrues thereon and the statute of limitations begins to run when the ability to pay arises. 34 Ohio Jurisprudence 2d 548, Limitation of Actions, Section 72; 34 American Jurisprudence 113, 114, Limitation of Actions, Section 140; 28 A. L. R.

308

2d 788. See *Detroit, Toledo & Ironton Rd. Co.* v. *Pitzer* (1943), 42 Ohio Law Abs. 494.

The minority view is that such a promise is absolute and that the cause of action accrues and the statute of limitations begins to run within a reasonable time. 28 A. L. R. 2d 790. From December 1, 1959, to March 26, 1960, in all the circumstances of this case, including the marriage of claimant and decedent on January 16, 1960, is a reasonable time to wait for the accrual of the obligation.

Appellant's counsel broadened the discussion of this second assignment of error to question the admissibility in evidence of a photostatic copy of the check given by claimant to decedent's mortgagee, Crider. However, it was conceded in argument that the objection to admission of the copy instead of the original was not actually made at the hearing.

If this exhibit were not considered, there would still remain the direct and uncontradicted testimony of Crider that he was paid by claimant's check. Hence, even if the copy were improperly admitted, it would not have been prejudicial.

The second assignment of error is not well taken.

The first assignment of error was the holding of the court that it was unnecessary for the claimant to show that no payment had been made upon her claim. She alleged that the claim was due her. It was reasonable for the court to conclude upon the evidence that the claim was due.

It is argued that, having alleged that no repayments had been made, it was incumbent upon plaintiff to prove that fact. In view of the allegation that the claim was due, claimant was not required to allege, in addition, that no payments were made.

"Where an obligation exists independently of payments, an allegation of the legal conclusion that the amount prayed for is due upon such obligation will satisfy the requirement of pleading a cause of action." 42 Ohio Jurisprudence 2d 333, Payment, Section 68.

See *Sullivan* v. *Sullivan* (1940), 66 Ohio App. 315.

The further averment that no payment had been made was surplusage and could not enlarge plaintiff's burden of proof. 43 Ohio Jurisprudence 2d 50, Pleading, Section 40.

In all probability, the only person who could testify directly and positively that no payments had been made was the clai-

mant herself. But she is disqualified as a witness. Section 2317.03, Revised Code. The law will not require of her the impossible in proving the unnecessary.

Payment is an affirmative defense which must be asserted and proved. 42 Ohio Jurisprudence 2d 336, Payment, Section 71. Appellant says he was not required to file an answer in this proceeding. Be that as it may, those who defend against a claim have the burden of proving an affirmative defense. There appears nowhere in the record any contention, or even suggestion, that any payment has ever been made.

The first assignment is not well taken.

The third assignment is that the Probate Court erred in holding that this situation gave rise to a constructive trust. The entry makes no reference to this point, and no equitable remedy is sought or granted. The claim presented, and granted by the court, was for money only.

However, in the course of his opinion, the Probate Court Judge expressed the view that denial of the claim would result in unjust enrichment of the estate and the heirs at the expense of the claimant. We are inclined to agree that the evidence would justify such a view. However, this statement is mere dictum in this case. It is in effect simply an assertion that the claim is morally as well as legally just. Even if this statement of the court had been incorrect, inasmuch as it was not incorporated in the entry and was not a necessary basis of the judgment or order, appellant could not have been prejudiced.

The fourth and fifth assignments involve repetition of the points already covered.

No error prejudicial to the rights of appellant appearing in the case, the judgment or order of the Probate Court will be affirmed.

*Judgment affirmed.*

Sherer, P. J., and Kerns, J., concur.