THIRTY-FOUR CORPORATION, APPELLEE, *v.* SIXTY-SEVEN CORPORATION, APPELLANT.

[Cite as Thirty-Four Corp. *v.* Sixty-Seven Corp. (1984), 15 Ohio St. 3d 350.]

(No. 84-313—Decided December 31, 1984.)

Zacks, Luper & Wolinetz Co., L.P.A., Mr. Stanley L. Myers and Mr. Mark S. Miller, for appellee.

Cameron & Belskis Co., L.P.A., Mr. J. Gary Coffman, Messrs. Kozich & Hvizdos and Mr. John D. Hvizdos, for appellant.

SWEENEY, J. The defendant-appellant contends that the court of appeals did not properly carry out its duty under App. R. 12 because it refused to consider whether the judgment below could be supported on any basis other than the reasons given by the trial court. Apparently, appellant is arguing that the appellate court should have affirmed the trial court's judgment on the basis of a failure of consideration, even though it found that laches and accord and satisfaction were not supported by the record.[1] The plaintiff-appellee counters that the appellant is estopped from raising the issue of failure of consideration, since it failed to cross-appeal the question at the appellate level below.

Appellee's argument on this point is well-taken. Sound appellate advocacy would seem to dictate that if a prevailing party at the trial level was of the belief that the facts and circumstances surrounding his or her cause compelled a different or alternate rule of law to uphold the trial court's decision, the wisest course to follow would be to cross-appeal that issue upon the adverse party's appeal of the trial court's judgment. Although appellant raised the defense of failure of consideration at the trial level, it raised no such defense on cross-appeal before the court of appeals. This being the case, the issue was not properly presented to the appellate court for its consideration and, therefore, the issue should not be reviewed by this court since the same was not considered or decided by the court of appeals. See F. Enterprises v. Kentucky Fried Chicken Corp. (1976), 47 Ohio St.2d 154 [1 O.O.3d 90]; and State v. Williams (1977), 51 Ohio St. 2d 112 [5 O.O.3d 98].

With respect to the issue of laches, appellant contends that if an action is brought within the statute of limitations, the doctrine of laches may operate as a bar to the action if special circumstances exist. Appellee argues that laches is no defense at law when an action is brought within the statutory period governing the commencement of that action.[2]

In Van DeRyt v. Van DeRyt (1966), 6 Ohio St. 2d 31 [35 O.O.2d 42], this court ruled that in an appropriate case, the doctrine of laches is

---

[1] It appears that appellant has conceded the inapplicability of an accord and satisfaction defense in its briefs before this court.

[2] Appellee's claim herein is governed by R.C. 2305.06, which provides a fifteen-year statute of limitations.

available to a defending party even though the proceeding is commenced within the relevant statute of limitations.

It has also been stated that:

"* * * Even though the period allowed by the statute of limitations to bring a foreclosure action may not have expired, * * * a court of equity may refuse to permit a foreclosure because of the very great and unreasonable delay in commencing such a proceeding, or because there are circumstances in connection with the delay which would make a foreclosure inequitable." 37 Ohio Jurisprudence 2d (1959) 542, Mortgages, Section 349.

We agree with the court of appeals that laches may still operate as a bar to the enforcement of a claim even though the delay in enforcing the claim is less than the statutory period. Therefore, we hold that upon a clear showing of special circumstances, the defense of laches may be asserted prior to the expiration of the statute of limitations.

If we were to adopt appellee's argument in this realm, there could never be a laches defense in cases where a statute of limitations governs the time within which an action may be brought, regardless of any potential inequities. If laches cannot be raised in the proper case where the pertinent statute of limitations has not expired, it certainly could not be raised after the limitation period expired, because the limitation period itself would otherwise bar the action in any event.

Having determined that laches is an available defense prior to the expiration of a statute of limitations, our inquiry turns to whether the facts in the case *sub judice* warrant a finding of laches on the part of appellee.

The trial court held that appellee is barred by the doctrine of laches because of the following circumstances: first, appellee has taken contradictory positions with respect to the existence of the debt; second, appellee has inequitably delayed its action for almost fifteen years; third, appellee failed to make a timely demand for payment; and, fourth, vast amounts of interest have accumulated on the note.

In rejecting the reasoning of the trial court, we note that regardless of whether Patrick Tonti may have taken inconsistent positions with respect to the existence of the debt, such a factor is irrelevant to the viability of a laches defense. Likewise, the third and fourth factors listed above do not impact on appellant's laches defense inasmuch as the obligation evidenced by the note and secured by the mortgage was duly recorded. Thus, the parties had actual notice of the existence of the terms of the debt, note and mortgage. We do not believe that the accumulation of interest and the absence of a timely demand for payment constitute material prejudice. The terms of the debt were established at the time of execution, and any delay in commencing a foreclosure action on the mortgage would not affect those terms. With respect to the nearly fifteen-year delay, the correct standard of law was first enunciated by this court in the third paragraph of the syllabus in *Smith* v. *Smith* (1959), 168 Ohio St. 447 [7 O.O.2d 276]:

"Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Accord *Kinney* v. *Mathias* (1984), 10 Ohio St. 3d 72; *Connin* v. *Bailey* (1984), 15 Ohio St. 3d 34. See, also, *Russell* v. *Fourth National Bank* (1921), 102 Ohio St. 248.

In summary, we find that the court of appeals properly held that appellant has failed to proffer sufficient special circumstances to justify invoking the doctrine of laches. In addition, the appellate court was correct in reversing the trial court's holding that appellant was materially prejudiced by appellee's delay in enforcing its claim.

Accordingly, the judgment of the court of appeals is hereby affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN and J.P. CELEBREZZE, JJ., concur.

HOLMES, J., concurs in part and dissents in part.

LOCHER and C. BROWN, JJ., dissent.

HOLMES, J., concurring in part and dissenting in part. Although I concur in the law set forth in the syllabus of this opinion, I must dissent from the body of such opinion and the judgment for the reasons set forth in the dissent of Justice Clifford F. Brown, and additionally for the following reasons.

To determine whether a party is guilty of laches, each case must be decided according to its own particular circumstances. In my view, appellant was materially prejudiced by appellee's excessive delay in presenting its claim in this case.

The actions of Pat Tonti were inconsistent at best. While waiting nearly fifteen years to initiate this lawsuit on behalf of appellee, he made numerous contradictory statements in reference to the claim. Representatives of the appellant relied on Tonti's statements concerning the invalidity of the note and mortgage, and the fact that he would not pursue the matter. In turn, vast amounts of interest accumulated which appellee is now permitted to recover. These circumstances taken in conjunction with the lapse of time clearly resulted in material prejudice to the appellant. The trial court's determination, being an equitable one, should be allowed to stand.

Therefore, I also dissent from that portion of the opinion which holds that the doctrine of laches does not bar appellee's action herein.

CLIFFORD F. BROWN, J., dissenting. Because I am convinced that the trial court properly resolved this matter, I must dissent.

The record amply supports the trial court's finding that there had been an accord and satisfaction of the note as a result of the 1966 round robin

and the subsequent payment of $24,000 by Sixty-Seven Corporation to Thirty-Four Corporation. Although there was evidence that this payment was never intended to satisfy this debt between the two corporations, it is not the province of a reviewing court to weigh the credibility of conflicting testimony. Where there is sufficient and reliable evidence to support the judgment of the trial court, that judgment should not be disturbed on appeal. *C. E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O.3d 261], syllabus.

It is apparent from its findings that the trial court, upon observing the credibility and demeanor of the witnesses and reviewing the evidence as a whole, found the testimony offered by plaintiff to be less convincing than that of defendant. The record contains evidence sufficient to support the trial court's conclusion that the note executed by appellant was satisfied in 1966. There was ample evidence to the effect that Pat Tonti acted in a manner inconsistent with the existence of a debt between Thirty-Four Corporation and Sixty-Seven Corporation. For example, the record reveals that he testified in another lawsuit that there were no outstanding debts between the two entities. His testimony during trial of the instant cause contained vacillations on certain key facts which almost certainly affected his credibility. He stated that interest was due on the note in question, but he testified at another trial that interest was never charged on accounts between the two corporations. He testified that the debt was secured when he had previously described it as unsecured.

Obviously, the trial court did not consider Tonti's testimony credible. This conclusion is completely supported and should not have been disturbed on appeal. Based on this analysis, I would reverse the court of appeals and reinstate the judgment of the trial court.

LOCHER and HOLMES, JJ., concur in the foregoing dissenting opinion.