OPINION
Defendant-appellant, Elijah Hicks, appeals a decision of the Franklin Municipal Court finding that he owes plaintiff-appellee, Richard Hicks, the principal plus accrued interest on two promissory notes executed in 1986.[1] The judgment of the trial court is affirmed.
Elijah, Richard's father, cosigned on the mortgage for the purchase of Richard's home. Unbeknownst to the parties, Elijah's name was also recorded on the deed to Richard's home at the same time. Elijah was later audited by the Internal Revenue Service ("IRS") and assessed a tax deficiency. When the tax deficiency went unpaid, the IRS placed a lien against Richard's home.
Richard eventually discovered the lien when he tried to refinance his mortgage and was required to remove the lien in order for the financing to be approved. Richard paid the balance on the lien, and Elijah agreed to repay Richard, with interest. On May 19, 1986, Elijah executed two promissory notes payable to Richard. The first was for the principal amount of $1,953.50, payable in twenty-four months, at an interest rate of thirteen and one half percent. The second was for the principal amount of $3,100, payable in thirty-six months, at an interest rate of fifteen and one half percent.
Although Elijah made a number of payments over the years, the debts were not repaid as required by the notes, and it became a divisive factor in the parties' relationship. Elijah claims that he made payments with cash, check, and money order, and that the debts were paid in full by 1989. Richard contends that he received only three to five payments by check and no others. Elijah's daughter (Richard's sister) testified that she listened in on a telephone conversation between Elijah and Richard in 1989 during which Richard told Elijah that the debts had been satisfied and that no further payment was due. However Richard, his wife and son, and other friends of their family testified that the debts were never satisfied, and that Richard still expected Elijah to pay them.
In 1998, after several attempts to collect on the debts failed, Richard filed suit against Elijah seeking repayment of the principal amount along with interest from 1986. After a hearing, the trial court determined that the debts remained unsatisfied, and that Elijah had made only five payments of $109 each. The trial court calculated the amount due, including interest and a credit for payments made, and awarded Richard a judgment in the amount of $14,183.39. Elijah appeals, raising two assignments of error.
Assignment of Error No. 1:
 THE COURT ERRED IN GRANTING JUDGMENT TO APPELLEE WHEN SUCH FINDING WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
If a judgment is supported by competent, credible evidence going to all of the essential elements of the case, it will not be reversed by a reviewing court as against the manifest weight of the evidence. C. E. Morris v. Foley Construction (1978),54 Ohio St.2d 279, 280. An appellate court must be "guided by a presumption that the findings of the trier of fact were indeed correct." Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77,80.
It is undisputed that Richard made loans to Elijah totaling $5,053.50 and the parties stipulated that Elijah executed two promissory notes payable to Richard. However, Elijah contends that the notes were paid in full.
An assertion of payment is an affirmative defense to an action to collect a debt. Ertel v. Hollingsworth (Nov. 19, 1984), Preble App. No. CA84-03-012, unreported, at 4, citing Weber v. Billman
(1956), 165 Ohio St. 431, and In re Buckingham's Estate (1967),9 Ohio App.2d 305. The party asserting payment bears the burden of proof. Id.; Civ.R. 8(C).
At trial, the parties presented conflicting accounts of Elijah's payment history. While Elijah testified that he made payments by money order, check, and cash, Richard testified that he only received payments by check. And although Elijah testified that he made all the payments due, Richard's testimony indicated that only three to five payments were made. Richard's testimony was supported by bank statements and canceled checks entered into evidence that confirmed that Elijah made a total of five payments of $109 by check. Elijah could offer no evidence to verify his claim that he made other payments on the debts.
Although some of the testimony was conflicting, we must be mindful that the original trier of fact was in the best position to judge the credibility of witnesses and the weight to be given the evidence. Seasons Coal at 80. Upon review of the record, it is clear that there was competent and credible evidence to support the trial court's determination that Elijah only made five payments on the debts owed to Richard. Accordingly, we find that the trial court's decision is not against the manifest weight of the evidence.
Elijah also contends that Richard, at one point, told him that the debts had been satisfied. Elijah argues that he relied on this representation by not making any further payments on the debts. Elijah concludes that his reliance on Richard's representation created an accord and satisfaction between the parties.
"An accord is a contract between a debtor and a creditor in which the creditor's claim is settled in exchange for a sum of money other than that which is allegedly due. Satisfaction is the performance of that contract." Allen v. R.G. Indus. Supply
(1993), 66 Ohio St.3d 229, 231. Accord and satisfaction is an affirmative defense and the burden of proof is on the proponent of the defense. State ex rel. Shady Acres Nursing Home, Inc. v.Rhodes (1983), 7 Ohio St.3d 7, 8; Civ.R. 8(C). As an accord and satisfaction is the result of an agreement between two parties, the essential elements of a valid contract must be present. SeeWarner Storage, Inc. v. Systemation, Inc. (1989), 64 Ohio App.3d 1,4, citing Shady Acres Nursing Home, 7 Ohio St.3d at 8. The party claiming accord and satisfaction must demonstrate the existence of four elements: proper subject matter, competent parties, mutual assent, and consideration. Id.
The only evidence Elijah offered to establish accord and satisfaction was testimony that Richard told him the debts had been satisfied. Elijah was unable to establish the amount paid on the debts aside from the assertion that they must have been fully paid. Absent evidence of consideration and mutual assent there can be no accord and satisfaction between the parties. The first assignment of error is overruled.
Assignment of Error No. 2:
 THE COURT ERRED IN GRANTING JUDGMENT TO APPELLEE WHEN APPELLEE WAS GUILY [SIC] OF LACHES.
In his second assignment of error, Elijah contends that Richard's delay in seeking payment was unreasonable, and that he was prejudiced by the loss of personal financial records and the accumulation of additional interest.
Laches is the failure to assert a right for an unreasonable period of time, without explanation, which results in material prejudice to the adverse party. State ex rel. Wean United, Inc.v. Indus. Comm. (1993), 66 Ohio St.3d 272, 275. During the delay, the complainant must have knowledge or notice of the adverse party's conduct and have had opportunity to institute suit.Kinney v. Mathias (1984), 10 Ohio St.3d 72, 74. Delay in asserting a right does not of itself constitute laches.Thirty-Four Corporation v. Sixty-Seven Corporation (1984),15 Ohio St.3d 350, 353. Rather, it must be shown that "the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person making the claim." Smith v.Smith (1959), 168 Ohio St. 447.
Whether a claim is barred by application of the doctrine of laches is a factual determination within the sound discretion of the trial court. Id. Accordingly, a trial court's decision regarding the application of laches will not be reversed absent an abuse of discretion. Payne v. Cartee (1996), 111 Ohio App.3d 580,590. More than an error in law or judgment, an abuse of discretion connotes that the trial court's decision was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
Although Elijah alludes to the loss of personal financial records over the passage of time as a hindrance to his defense, he is unable to articulate precisely what those records were, the information they would have contained, or how they would impact his defense. Elijah made no effort to demonstrate that records ever existed which would show his payment history. This bare allegation of lost or destroyed records is insufficient to demonstrate material prejudice. See Connin v. Bailey (1984),15 Ohio St.3d 34, 37.
Further, the accrual of additional interest does not constitute material prejudice since the parties had actual notice of the existence of the debts and their terms. Thirty-Four Corporation
at 353. The terms of the debts were established at the time the notes were executed, and any delay in commencing an action to collect on the debts would not affect those terms. Absent some other evidence of prejudice, the accumulation of interest and the lack of a timely demand for payment do not constitute material prejudice. Id.
We find that the trial court's failure to apply the doctrine of laches to bar Richard's suit was not an abuse of discretion. The second assignment of error is overruled.
 ___________________________ VALEN, J.
POWELL, P.J., and WALSH, J., concur.
[1] The trial court determined that plaintiff-appellee, Constance Hicks, had no right to recover on the debts.