OPINION
Appellant William Irvin Lake Jr. brings this appeal from the judgment of the Court of Common Pleas of Union County modifying child support.
On March 17, 1993, the parties were divorced. Pursuant to a separation agreement incorporated into the divorce decree, Appellee Mary Lake declined child support and Appellant accepted reduced visitation. The agreement also stated that each would be responsible for one-half of the children's medical expenses.
On October 26, 1999, Appellee filed a motion to modify support. Prior to the hearing, Appellant hired counsel. Appellant's counsel requested a continuance due to scheduling conflicts with the hearing. Appellee's counsel agreed to the continuance, but the trial court refused to continue the case. The hearing proceeded although Appellant was unrepresented. The magistrate then ordered Appellant to pay $1,211.90 per month in child support, $1,950.19 for medical expenses, one-half of the orthodontia costs, and $1,385.00 for past due support. On March 7, 2000, Appellant filed his objections to the magistrate's report. The trial court overruled Appellant's objections and adopted the magistrate's report on March 10, 2000.
Appellant claims the following assignment of error:
 The trial court erred in not sustaining Appellant's Objection, in whole or in part, to the Magistrate's Decision:
(a) The trial court erred in not continuing the hearing;
 (b) The trial court erred in not applying the Doctrine of Laches when ordering payment of medical bills;
 (c) The trial court erred in not applying [R.C. 3113.215(B)(3) and 3113.215(B)(6)] when issuing a child support order.
Appellant first argues that the hearing should have been continued. On December 21, 1999, the trial court was notified that Appellant had been successfully served with notice of the January 25, 2000, hearing. Appellant then retained counsel on or about January 22, 2000. The motion to continue the January 25 hearing was filed on January 24, 2000. Local rules of the Union County Common Pleas Court provide that a motion for continuance filed more than ten days after the notice of hearing is served must arise from "the most unusual circumstances. The decision of whether to grant a continuance "is entrusted to the broad, sound discretion of the trial judge" and should not be disturbed absent an abuse of discretion. State v. Unger (1981), 67 Ohio St.2d 65, 67,423 N.E.2d 1078, 1079-1080. Apparently the trial court did not find Appellant's failure to hire counsel until two days before the hearing to be an unusual circumstance justifying a continuance. We do not perceive an abuse of discretion in the circumstances.
The second argument made by appellant is that the trial court should have denied the medical bills due to the doctrine of laches. "Delay in asserting a right does not of itself constitute laches, and in order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim." Thirty-Four Corp. v.Sixty-Seven Corp. (1984), 15 Ohio St.3d 350, 474 N.E.2d 295, 296. Here, Appellant does not deny that the amount of the medical bills is accurate. Nor does Appellant claim that the divorce decree does not require him to pay the bill. The only complaint that he has is that Appellee waited so long to present the bills. Since Appellant owes the money and was not prejudiced by the delay in presentation of the claim, the doctrine of laches does not apply.
Finally, Appellant argues that the trial court should have considered potential social security income when calculating child support. However, Appellant has pointed to nothing in the record to indicate that the children are receiving any additional income or are eligible for any. Thus, the trial court did not err in its approach. Should circumstances change, a modified award can be entered.
When a child support calculation is completed, the trial court must use a child support computation worksheet as set forth in R.C. 3113.215. Marker v. Grimm (1992), 65 Ohio St.3d 139,601 N.E.2d 496. The trial court is responsible for ensuring that this worksheet is part of the record so that the appellate courts can be assured that the statutory requirements were met. Id. The failure to include the worksheet is reversible error. Id. Here, the magistrate refers to the worksheet and states that it is attached as an exhibit. However, the worksheet was not attached nor is it in the record otherwise. Without the worksheet in the record for our review, the trial court's judgment must be reversed. The assignment of error is sustained.
The judgment of the Court of Common Pleas of Union County is reversed and the cause is remanded for proceedings in accordance with this opinion.
 __________________________ Bryant, J.
 HADLEY, P.J. and SHAW, J., concur.