DECISION AND JUDGMENT ENTRY
Defendant-Appellant James Groves appeals the decision of the Highland County Court of Common Pleas, granting Plaintiff-Appellee Donald Trefz, aka Don Trefz's motion for summary judgment on an action seeking enforcement of a promissory note. Appellant argues that the trial court erred by granting summary judgment in favor of appellee because genuine issues of material fact exist regarding the proper amount owed on the note. We agree with appellant, reverse the judgment of the trial court, and remand the case for further proceedings.
 STATEMENT OF THE CASE AND FACTS
On November 3, 1999, appellee filed a complaint with the Highland County Court of Common Pleas seeking a judgment against appellant in the amount of $26,721.73. Appellee claimed that, based upon a promissory note endorsed by appellant, he was due $26,721.73 as of November 1, 1999, with interest accruing at $5.02 per diem thereafter.
A photocopy of the note was attached to the complaint. The note consists of a form used by the Farmer's Trader's National Bank that has been manually modified. The principal amount of the note, $15,000, is handwritten in two places on the note, first in numerals and then in longhand script. The terms of interest are typewritten on the form, but the interest rate of seven percent per annum is handwritten. Where the note states to whom the amount owed is to be paid, the name of the bank is crossed out and in its place is written appellee's name. Also, no due date is given in the note, but the word "demand" is handwritten at the beginning of the promissory language. Finally, the note is dated May 1, 1990, and signed by appellant.
On December 17, 1999, appellant filed an answer. In his answer, appellant admitted to owing appellee "certain sums regarding the purchase of certain land in the Berrysville area," but that the alleged outstanding balance on the debt was no more than $7,500. Appellant denied that he owed appellee $26,721.73, and also alleged to having made several payments on the note.
On December 29, 1999, appellee filed written interrogatories, which were served upon appellant. In his responses to those interrogatories, appellant admitted to signing the note but stated that the note was blank when he did so. Appellant also stated that it was his understanding that the note was to be executed for $10,000. Appellant stated that he made two payments on the note: 1) $2,000 on approximately October 15, 1992, and 2) $2,500 on approximately October 10, 1996. According to his responses, appellant made those payments, in cash, to William Siddons at the Farmer's Trader's Bank in Hillsboro, Ohio. Appellant had no receipts for either of the alleged payments. Finally, appellant admitted receiving value for the note.
On April 26, 2000, appellee filed a motion for summary judgment claiming that there was no genuine issue of fact and that he was entitled to judgment as a matter of law. Attached to the motion were the affidavits of William Siddons and appellant.
William Siddons states in his affidavit that he was an officer of the Farmer's Trader's National Bank in Hillsboro, Ohio, and that during his time with the bank, affiant became familiar with both appellant and appellee.[1] Siddons states that he assisted appellee in preparing a loan to appellant made by appellee, on or about May 1, 1990, in the amount of $15,000, bearing interest at seven percent. Siddons further states that, to the best of his knowledge, appellant made only one payment on that loan, in the amount of $2,500 in October 1996, and that appellant would have received a receipt for each payment made to him on this note.
Appellee states in his own affidavit that he agreed to sell his house to appellant in March or April 1990, and that the purchase price was $40,000. Appellee further states that appellant executed the promissory note for $15,000 and borrowed the remaining $25,000 from Star Bank, granting the bank a mortgage on the property.[2] Appellee also states in his affidavit that he made a demand on appellant for payment on the note in August 1999, and that, at that time, appellant did not claim that the note was blank when he signed it or that the amount was excessive. Appellee stated that the note was completed and filled out for the correct amount, $15,000, at the time it was executed. Appellee further stated in his affidavit that he was aware of only one payment made by appellant, in the amount of $1,500 on or about May 1, 1995.
On June 2, 2000, appellant filed a memorandum contra to appellee's motion for summary judgment, submitting that there are two genuine issues of material fact to be determined, to wit: 1) the correct amount of the note, and 2) whether payments were made on the note for which appellant did not receive credit. Attached to his response was appellant's own affidavit.
In his affidavit, appellant restates his responses to appellee's interrogatories, that: 1) the correct amount of the note should have been for $10,000 and not the $15,000 as stated on the document, 2) he made two payments on the note in October 1992 and October 1996, in the amounts of $2,000 and $2,500, respectively, and 3) the correct balance on the note is approximately $7,500.
On June 9, 2000, the trial court entered its decision granting appellee's motion for summary judgment stating that,
The Court finds that defendant's response does not set forth specific facts showing that there is a genuine issue for trial as is required in Civil Rule 56(E). Although the defendant offers his statement in regard to the "correct" amount of the note and that [sic] the "correct" amount of the payments, he submits, and by answers to interrogatories, admits that he has no evidence or proof otherwise which he may give in support of his claims.
This decision was reflected in the court's judgment entry filed July 5, 2000, granting the sum sought to appellee.
Appellant timely filed a notice of appeal and presents the following assignments of error for our review.
FIRST ASSIGNMENT OF ERROR:
 THE TRIAL COURT ERRED WHEN IT DETERMINED THAT NO GENUINE ISSUE OF FACT WAS PRESENT AND THEREUPON IMPROPERLY RULED IN FAVOR OF THE PLAINTIFFT/APPELLEE'S'S [sic] MOTION FOR SUMMARY JUDGMENT.
SECOND ASSIGNMENT OF ERROR:
 THE TRIAL COURT IMPROPERLY INTERPRETED THE DEFENDANT/APPELLANT'S BURDEN UNDER OHIO CIVIL RULE 56 AND ACCORDINGLY, IMPROPERLY GRANTED THE PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
THIRD ASSIGNMENT OF ERROR:
 THE TRIAL COURT FAILED TO PROPERLY APPLY THE PRESUMPTIONS IN FAVOR OF THE DEFENDANT/APPELLANT'S [sic] SET FORTH UNDER OHIO CIVIL RULE 56 AND ACCORDINGLY IMPROPERLY GRANTED THE PLAINTIFF/APPELLEE'S MOTION FOR SUMMARY JUDGMENT.
ANALYSIS
Since appellant's arguments all challenge the propriety of the trial court's decision to grant summary judgment in favor of appellee, we will address his assignments of error conjointly.
We conduct a de novo review of the trial court's grant of summary judgment pursuant to Civ.R. 56. See Renner v. Derrin Acquisition Corp. (1996), 111 Ohio App.3d 326, 676 N.E.2d 151. The Supreme Court of Ohio has laid out the proper test to determine whether summary judgment is appropriate.
Under Civ.R. 56, summary judgment is proper when "(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party." Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346,617 N.E.2d 1129, 1132, quoting Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 364 N.E.2d 267, 274. Therefore, we give no deference to the judgment of the trial court. See Renner, supra.
In the case sub judice, we are presented with an action to enforce a promissory note. A promissory note is a signed, written, and unconditional promise to pay a certain sum of money. See R.C. 1303.03; see, also, Burke v. Ohio (1922), 104 Ohio St. 220, 135 N.E. 644; Black's Law Dictionary (7 Ed.Rev. 1999) 1086. A promissory note may also be a negotiable instrument, if it is payable to bearer or to order at the time of issuance, payable on demand or at a definite time, and does not require the person promising to pay to do any other act in addition to making payment. See R.C. 1303.03(A).
"Generally, the holder of a negotiable instrument * * * establishes a prima facie case for payment on a note where the note is placed in evidence and the makers' signature(s) is (are) admitted." Dryden v. Dryden (1993), 86 Ohio App.3d 707, 711, 621 N.E.2d 1216, 1219, citing R.C. 1303.36(B). Appellant admits that he owed money to appellee based on that note, that he executed the note with his signature, and that he received value for the note. Hence, the validity of the note is not in question.
However, appellant contends that he signed the note before it was completed with the understanding that the note was to be for $10,000. Therefore, appellant is claiming that this was an incomplete note, per R.C. 1303.11.[3] Appellant is claiming that he signed a blank note, authorizing appellee to complete that note in the amount of $10,000, and that by completing the note in the unauthorized amount of $15,000, appellee altered the incomplete note.[4]
An unauthorized alteration to an incomplete instrument does not discharge the party from the obligations created thereby, and "the instrument may be enforced according to its original terms." R.C.1303.50(B).[5] Also, according to R.C. 1303.11(D), at trial, appellant bears the "burden of establishing" that the amount shown on the note was added without appellant's authorization.[6]
Appellant also contends that he made two payments on the note for which appellee had not given him credit. Appellant raised the issue of payments in his answer to the complaint and would bear the burden of proving these alleged payments at trial. See Blackwell v. International Union, UAW Local 1250 (1984), 21 Ohio App.3d 110, 487 N.E.2d 334 (holding that payment is an affirmative defense that must be initially raised by the defendant); In re Estate of Buckingham (1967), 9 Ohio App.2d 305,224 N.E.2d 383; see, also, Civ.R. 8(C).
When a party to an action moves for summary judgment, the movant has the burden of showing that no genuine issue of material fact exists as to all essential elements of a claim, even in regard to issues the opposing party would bear the burden of proving at trial. See Vahila v. Hall (1997), 77 Ohio St.3d 421, 674 N.E.2d 1164. A nonmoving party may not rest upon the allegations set forth in its pleadings in response to a properly supported summary judgment motion. See State ex rel. Mayes v. Holman (1996), 76 Ohio St.3d 147, 666 N.E.2d 1132. The nonmoving party must show that there is a genuine issue of material fact to be tried by pointing to specific facts in the record through affidavits or other proper means. See id.
In the case sub judice, appellee made a properly supported motion for summary judgment, establishing that there was an executed promissory note and that a demand for payment based on that note had been made. Appellee shows through the record that appellant has admitted to signing the note and owing some money on the note. Appellee also presents his own affidavit to establish that the note was not incomplete at the time it was executed by appellant. In his affidavit, appellee states that he was aware of only one payment made to him in May 1995, in the amount of $1,500.
Appellee further offers the affidavit of a witness to establish the amount of the note. Siddons states in his affidavit that the note was prepared for $15,000 and not $10,000 as alleged. Siddons further states in his affidavit that, to the best of his knowledge, appellant made only one payment on that loan, in the amount of $2,500 in October 1996, and that appellant would have received receipts for any payments made.
However, in response to that motion, appellant has not relied solely on the allegations in his pleadings. Appellant responds with an affidavit of his own, stating that the promissory note should have been made out for $10,000 and not $15,000. In his answers to interrogatories, appellant states that the note was blank at the time he signed it and that it was his understanding it would be completed in the amount of $10,000. Appellant further states in his affidavit that he made two payments on the note in October 1992 and October 1996, for $2,000 and $2,500, respectively. However, appellant acknowledges that he has no receipts for those payments. In furtherance of appellant's position, we note that appellee and Siddons indicate in their affidavits that two payments were made by appellant at different times.
The record and affidavits presented in this case are sufficient to give rise to genuine issues of material fact. Construing the evidence in the light most favorable to appellant, reasonable minds could reach different conclusions regarding the following questions: 1) whether the note was blank and incomplete when it was executed by appellant; 2) whether the proper amount of the note was $10,000 or $15,000; and, 3) whether appellant had made any payments on the note, as well as the amount(s) of any such payments, to whom the payments were made, and when and where these payments occurred.
Therefore, we find appellant's arguments to be well taken. Accordingly, the judgment of the trial court is REVERSED and the case remanded for further proceedings not inconsistent with this opinion.
JUDGMENT ENTRY
It is ordered that the JUDGMENT BE REVERSED and the cause remanded to the trial court for further proceedings consistent with this opinion, costs herein taxed to appellee.
The Court finds that there were reasonable grounds for this appeal.
It is further ordered that a special mandate issue out of this Court directing the HIGHLAND COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.
Any stay previously granted by this Court is hereby terminated as of the date of this Entry.
A certified copy of the entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J., and Harsha, J.: Concur in Judgment Only.
 _____________________________ David T. Evans, Judge
NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
[1] Farmer's Trader's National Bank in Hillsboro, Ohio, was merged into Star Bank, which is now called Firstar Bank.
[2] Attached to appellee's affidavit is a copy of the deed transferring property from appellee to appellant and a copy of the mortgage granted by appellee to Star Bank on the same property.
[3] We note that subsequent to the execution of the present promissory note, substantial revisions to the law on negotiable instruments and the Uniform Commercial Code were enacted. For the purposes of our analysis in this matter, these changes were of no consequence and our references to the Code are, therefore, to presently enacted provisions of the Revised Code. R.C. 1303.11 provides:
 (A) "Incomplete instrument" means a signed writing, whether or not issued by the signer, the contents of which show at the time of signing that it is incomplete but that the signer intended it to be completed by the addition of words or numbers.
 (B) Subject to division (C) of this section, if an incomplete instrument is an instrument under section 1303.03 of the Revised Code, it may be enforced according to its terms if it is not completed or according to its terms as augmented by completion. If an incomplete instrument is not an instrument under section 1303.03 of the Revised Code, but, after completion, the requirements of section 1303.03 of the Revised Code are met, the instrument may be enforced according to its terms as augmented by completion.
 (C) If words or numbers are added to an incomplete instrument without authority of the signer, there is an alteration of the incomplete instrument under section 1303.50 of the Revised Code.
 (D) The burden of establishing that words or numbers were added to an incomplete instrument without authority of the signer is on the person asserting the lack of authority.
[4] R.C. 1303.50(A)(2) defines "alteration" for our purposes as "an unauthorized addition of words or numbers or other change to an incomplete instrument relating to the obligation of a party." R.C.1303.50(A)(2).
[5] We note that if an instrument is fraudulently altered, the party whose obligation is affected may be discharged as to any obligation on the instrument, if certain exceptions do not apply. See R.C. 1303.50(B). However, no allegation of fraud has been made in the present case.
[6] R.C. 1301.01(H) states the "`Burden of establishing' a fact means the burden of persuading the triers of fact that the existence of the fact is more probable than its nonexistence."