[Cite as *Smith v. Smith*, 2021-Ohio-1955.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

ANDRE SMITH,                          :

    Plaintiff-Appellant,          :

                               No. 109899

    v.                            :

WILLIAM H. SMITH,                     :

    Defendant-Appellee.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** June 10, 2021

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-19-916335

*Appearances:*

Andre Smith, *pro se.*

LARRY A. JONES, SR., P.J.:

{¶ 1} Plaintiff-appellant Andre Smith ("Andre") appeals from the trial court's July 27, 2020 decision granting summary judgment in favor of defendant-appellee William Smith ("William"). For the reasons that follow, we affirm.

**Procedural History**

{¶ 2} In June 2019, Andre, pro se, filed this action against William, alleging a claim for relief on the grounds of breach of fiduciary duty and fraud. The gist of the complaint was that William, an attorney who was appointed by probate court to administer the estate of Roosevelt Smith ("Roosevelt"), of which Andre was a beneficiary, failed to perform his duties, thereby divesting or reducing Andre's inheritance. The complaint alleged that Roosevelt died in October 1990. The complaint further alleged that William was appointed administrator of the estate in June 1991, and was twice removed as administrator, once in December 1992, and a second time in June 1995. According to the complaint, part of the administration of the estate included selling real estate owned by Roosevelt.

{¶ 3} Andre alleged that he was incarcerated for approximately five years during William's administration of the estate and that, upon his release, he learned of the alleged mishandling of the estate by William. Andre alleged that his incarceration was due to an illness, that being drug addiction. Andre's complaint requested the trial court to

> take "Judicial Notice" of the fact that, under Ohio Statutory Law, "Tolling of the Statute of Limitations", comes into effect where real estate is involved. In essence, 21 years and an additional 10 years for a disability, like what Plaintiff herein possessed, so that this instant matter can be decided on the merits, and not on a technical defect.

Complaint, ¶ 16.

{¶ 4} William answered the complaint and denied the substantive allegations contained in it. He also asserted as defenses that the complaint failed

to state a claim upon which relief could be granted and that it was barred under the statute of limitations.

{¶ 5} Thereafter, William filed a motion for summary judgment. In his motion, William contended that the action was barred by the statute of limitations and the equitable defense of laches. Specifically, William stated that the estate proceeding was concluded in 1998, without objection from any party, including Andre.

{¶ 6} Andre filed a motion to deem facts admitted and an opposition to William's summary judgment motion. In the decision that Andre now appeals from, the trial court granted Andre's motion to deem facts admitted and also granted William's motion for summary judgment. Andre raises two assignments of error for our review:

> I. The trial court abused its discretion when it granted summary judgment in favor of defendant-appellee.

> II. The trial court abused its discretion when it denied plaintiff-appellant the fundamental right to be heard under our legal system.

**Law and Analysis**

{¶ 7} Andre's two assignments of error are interrelated and we, therefore, will consider them together.

{¶ 8} "When a party fails to respond, without justification, to a properly served request for admissions, those matters to which the requests were addressed will be deemed admitted." *Mannesmann Dematic Corp. v. Material Handling Servs.*, 8th Dist. Cuyahoga No. 76256, 1999 Ohio App. LEXIS 6070, 9 (Dec. 16,

1999), citing Civ.R. 36; *Cleveland Trust Co. v. Willis*, 20 Ohio St.3d 66, 67, 485 N.E.2d 1052 (1985), *cert. denied*, 478 U.S. 1005, 106 S.Ct. 3295, 92 L.Ed.2d 710 (1986).

**{¶ 9}** "A presumption of proper service exists when the record reflects that the Civil Rules pertaining to service of process have been followed." *Jackson-Summers v. Brooks*, 8th Dist. Cuyahoga No. 86522, 2006-Ohio-1357, ¶ 20, citing *Potter v. Troy*, 78 Ohio App.3d 372, 377, 604 N.E.2d 828 (2d Dist.1992), citing *Grant v. Ivy*, 69 Ohio App.2d 40, 429 N.E.2d 1188 (10th Dist.1980), paragraph one of the syllabus. However, "[t]he presumption may be rebutted by sufficient evidence to the contrary." *Jackson-Summers* at *id.*

**{¶ 10}** Andre attached a copy of his requests for admissions to his motion to have them deemed admitted. We note that there is no certificate of service attached to the requests for admissions, but William has not demonstrated, or even contended, that Andre's requests for admissions were not properly served on him. Nonetheless, even assuming the admissions were properly deemed admitted, Andre still had to present evidence demonstrating that William was not entitled to summary judgment.

**{¶ 11}** "We review the trial court's judgment de novo using the same standard that the trial court applies under Civ.R. 56(C)." *Jackson-Summers v. Brooks*, 8th Dist. Cuyahoga No. 86522, 2006-Ohio-1357, ¶ 27, citing *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Under Civ.R. 56(C), summary judgment is appropriate when: (1) there is no genuine issue of

material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Grafton* at *id.*, citing *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977).

{¶ 12} "On a motion for summary judgment, the moving party carries an initial burden of identifying specific facts in the record that demonstrate his or her entitlement to summary judgment." *Mobley v. James*, 8th Dist. Cuyahoga No. 108470, 2020-Ohio-380, ¶ 29, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 292-293, 662 N.E.2d 264 (1996). "If the moving party fails to meet this burden, summary judgment is not appropriate; if the moving party meets this burden, the nonmoving party has the reciprocal burden to point to evidence of specific facts in the record demonstrating the existence of a genuine issue of material fact for trial." *Mobley* at *id.*, citing *Dresher* at 293. "Summary judgment is appropriate if the nonmoving party fails to meet this burden." *Mobley* at *id.*, citing *Dresher* at *id.*

{¶ 13} The defense of statute of limitations is an affirmative defense that must be raised in a responsive pleading under Civ.R. 8(C), or it will be considered waived. *BP Communications Alaska, Inc. v. Cent. Collection Agency*, 136 Ohio App.3d 807, 813, 737 N.E.2d 1050 (8th Dist.2000), citing *Mills v. Whitehouse Trucking Co.*, 40 Ohio St.2d 55, 320 N.E.2d 668 (1974). It is also established that "Ohio law prohibits a defendant from asserting an affirmative defense for the first

time in a motion for summary judgment." *Eulrich v. Weaver Brothers, Inc.*, 165 Ohio App.3d 313, 2005-Ohio-5891, 846 N.E.2d 542, ¶ 12 (3d Dist.), citing *Carmen v. Link*, 119 Ohio App.3d 244, 250, 695 N.E.2d 28 (3d Dist.1997). Here, as mentioned, William raised the defense in his answer and, thus, it was proper ground for his summary judgment motion.

{¶ 14} In his motion for summary judgment, William cited the statutes of limitations under R.C. 2305.07 and 2305.09. R.C. 2305.07 provides that "an action under a contract not in writing, express or implied, or upon a liability created by statute other than a forfeiture or penalty, shall be brought within six years after the cause thereof accrued." R.C. 2305.09 governs the statute of limitations for fraud, which is four years after the cause accrued. A fraud cause of action does not accrue until the plaintiff discovers or should have discovered the fraud. *Investors REIT One v. Jacobs*, 46 Ohio St.3d 176, 546 N.E.2d 206 (1989), paragraph 2(b) of the syllabus.

{¶ 15} Andre contends that he was not aware of what had happened with the estate until 2019. "'The "discovery rule" generally provides that a cause of action accrues for purposes of the governing statute of limitations at the time when the plaintiff discovers or, in the exercise of reasonable care, should have discovered the complained of injury.'" *Cristino v. Bur. of Workers' Comp.*, 2012-Ohio-4420, 977 N.E.2d 742, ¶ 40 (10th Dist.), quoting *Investors REIT One* at ¶ 179. Andre's blanket assertion is insufficient to toll the time, and further, is contradicted by other allegations he made. The probate proceeding has been closed since 1998. By

Andre's admission, he had been incarcerated for approximately five years while the probate matter was pending. Thus, at the latest, his incarceration ended in 1998. In his complaint, he alleged that as he was "just returning back to society from prison" he "reached out to a number of sources to aid him * * * [but] wasn't fruitful in terms of acquiring help." Complaint, ¶ 9, 10. Even assuming that Andre did not learn of the alleged misconduct until 1998, his complaint was untimely.

{¶ 16} Although William only relies on the two above-mentioned statutes of limitations, we note that R.C. 2305.11(A) sets forth a one-year statute of limitations for legal malpractice claims, and R.C. 2305.09(D) sets forth a four-year statute of limitations for a breach of fiduciary duty claim that does not involve malpractice. *Lenard v. Miller*, 8th Dist. Cuyahoga No. 99460, 2013-Ohio-4703, ¶ 37.

{¶ 17} Therefore, in light of the above, regardless of which statute of limitations the trial court relied on, Andre's complaint was time-barred.

{¶ 18} In regard to William's laches defense, we note that, in general, statutes of limitations "protect a party from 'stale' claims." *State ex rel. Nozik v. Mentor*, 11th Dist. Lake No. 2003-L-195, 2004-Ohio-5628, ¶ 8. The "purpose of a statute of limitations is to promote justice by preventing surprise through the revival of claims that parties have declined to pursue until evidence has been lost and memories have faded." *Cavin v. Smith*, 4th Dist. Lawrence No. 01CA5, 2001 Ohio App. LEXIS 3845 (Aug. 24, 2001).

{¶ 19} The affirmative defense of laches recognizes that a claim could be "stale" even though filed within the statute of limitations. *Thirty-Four Corp. v. Sixty-Seven Corp.*, 15 Ohio St.3d 350, 353, 474 N.E.2d 295 (1984). When a claim is brought within the statute of limitations, the doctrine of laches may still bar the claim if "special circumstances" render the delay in enforcing the claim inequitable. *Id.* "'[I]n order to successfully invoke the equitable doctrine of laches it must be shown that the person for whose benefit the doctrine will operate has been materially prejudiced by the delay of the person asserting his claim.'" *Id.* at 354, quoting *Smith v. Smith*, 168 Ohio St. 447, 156 N.E.2d 113 (1959), paragraph three of the syllabus.

{¶ 20} Because, as we have determined above, Andre's complaint was barred under any possible statutes of limitations, William's alternative defense of laches was not applicable to this case.

{¶ 21} In light of the above, both assignments of error are overruled.

{¶ 22} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., PRESIDING JUDGE

EILEEN A. GALLAGHER, J., and
MARY EILEEN KILBANE, J., CONCUR