DECISION AND JUDGMENT ENTRY
{¶ 1} Enviro-Flow Companies, LTD (hereinafter "Enviro-Flow") appeals the summary judgment in the Athens County Common Pleas Court, favoring the Village of Chauncey (hereinafter "Village") and relating to work on a waste water pipe project. Enviro-Flow filed a complaint against Village to recover damages on theories of breach of an express written contract and unjust enrichment. The trial court found, inter alia, that the alleged contract between Enviro-Flow and the Village was null and void because the Village Administrator and the Village Clerk did not sign it as required by R.C. 731.141. On appeal, Enviro-Flow contends for the first time that the trial court erred when it granted the Village summary judgment (1) because the Administrator had a duty to sign the contract once the Village Council approved it, and (2) because of the doctrine of promissory estoppel, i.e., Enviro-Flow relied on the promises of Village to *Page 2 
Enviro-Flow's detriment. Because Enviro-Flow did not raise these arguments in the trial court, it has waived its right to raise them in this court. Thus, we do not address them. In addition, even if we assume, without deciding, that the Administrator had to sign the contract, it is still null and void because the Village Clerk did not sign it. Further, the doctrine of promissory estoppel does not apply against a political subdivision when the political subdivision is engaged in a governmental function. Accordingly, we affirm the judgment of the trial court.
 1. {¶ 2} Village Council accepted Enviro-Flow's lowest bid of $136,758.25 to replace some sections and repair other sections of a sewer line. The Village Mayor signed the contract form attached by Enviro-Flow to its bid document. Neither the Village Administrator nor the Village Clerk signed the contract.
 {¶ 3} Enviro-Flow experienced problems and had to abandon its planned method of fixing the pipes. Instead, it had to resort to the more expensive method of digging up the old sewer pipes, a method not included in its bid. Enviro-Flow claims the Village Mayor orally approved this change, a claim the Mayor denies. In addition, Enviro-Flow performed work and supplied materials not included in its original bid.
 {¶ 4} Village paid $55,371.49 to Enviro-Flow but denied Enviro-Flow's request for an additional $201,385.51 because Village believed that the work was outside the scope of the bid. In addition, Village was dissatisfied with Enviro-Flow's work, the progress of the work, and disruptions to the Village because of trenches remaining open for days and back-ups in basements. Eventually, Village sought emergency bids to *Page 3 
complete the work. Enviro-Flow submitted a bid of $302,017.50. Village awarded the bid to J.B. Hayes Excavating for $218,372.00 to complete the job Enviro-Flow started. J.B. Hayes Excavating finished the project at a lower cost of $205,441.49.
 {¶ 5} Enviro-Flow filed a complaint against Village for damages based on theories of breach of contract and unjust enrichment (quantum meruit). Village answered and counter-claimed for damages. Village then moved for summary judgment on Enviro-Flow's claims.
 {¶ 6} Village argued in its motion for summary judgment in the trial court that (1) the alleged written contract was null and void because it did not comply with R.C. 731.141; (2) the alleged oral modification of the contract was null and void because it did not comply with R.C.731.16, and (3) unjust enrichment cannot be applied against a municipality.
 {¶ 7} Enviro-Flow argued that the trial court should not grant the motion for summary judgment because the contract was properly signed by the Mayor and was unambiguous. It stated that the contract allowed for oral alterations to the contract; thus, R.C. 731.16 does not apply. Apparently, it abandoned its unjust enrichment claim at that time because it did not mention it.
 {¶ 8} The court granted the motion for summary judgment. It found, inter alia, that the alleged contract between Enviro-Flow and the Village was null and void because the Village Administrator and the Village Clerk did not sign it as required by R.C. 731.141. It further found that Enviro-Flow's claim of unjust enrichment is barred against a municipal enitity. And, after a hearing, the court dismissed Village's counter-claim. *Page 4 
 {¶ 9} Enviro-Flow appeals the trial court's judgment and asserts that the trial court erred when it granted Village's motion for summary judgment.
 II. {¶ 10} An appellate court reviews a trial court's grant of summary judgment de novo. Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102,105.
 {¶ 11} Summary judgment is appropriate when the court finds that the following factors have been established: (1) there is no genuine issue as to any material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to only one conclusion, and that conclusion is adverse to the nonmoving party, who is entitled to have the evidence construed in his or her favor. Civ.R. 56. See Bostic v. Connor (1988), 37 Ohio St.3d 144, 146;Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66;Morehead v. Conley (1991), 75 Ohio App.3d 409, 411. "In reviewing the propriety of summary judgment, an appellate court independently reviews the record to determine if summary judgment is appropriate. Accordingly, we afford no deference to the trial court's decision in answering that legal question." Morehead, supra, at 411-12. See, also, Schwartz v. BankOne, Portsmouth, N.A. (1992), 84 Ohio App.3d 806, 809.
 {¶ 12} The burden of showing that no genuine issue of material fact exists falls upon the party requesting summary judgment. Dresher v.Burt (1996), 75 Ohio St.3d 280, 294, citing Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. The moving party bears this burden even for issues that the nonmoving party may have the burden of proof at trial. Id. "However, once the movant has supported his motion with appropriate *Page 5 
evidentiary materials, the nonmoving party may not rely upon the allegations and/or denials in his pleadings (Citation omitted.) He must present evidentiary materials showing that a material issue of fact does exist." Morehead at 413.
 {¶ 13} Enviro-Flow contends that the trial court erred when it granted the motion for summary judgment for two reasons: (1) "the Village Administrator has a duty to execute contracts and oversee any work performed for the Village once the Village's legislative body has approved such action;" and (2) "a municipal corporation is held to careful adherence to the truth in its dealings, and cannot, by its representations or silence, involve others in onerous engagements and then defeat the calculations and claims which its own conduct superinduced."
 {¶ 14} Here, we find that Enviro-Flow failed to bring these issues to the attention of the trial court. It is axiomatic that a litigant's failure to raise an issue in the trial court waives the litigant's right to raise that issue on appeal. Shover v. Cordis Corp. (1991),61 Ohio St.3d 213, 220, overruled on other grounds in Collins v. Sotka (1998),81 Ohio St.3d 506. We will not consider any error a party failed to bring to the trial court's attention at a time when the trial court could have avoided or corrected the error. Schade v. Carnegie BodyCo. (1982), 70 Ohio St.2d 207, 210, State v. Glaros (1960),170 Ohio St. 471, paragraph one of the syllabus. Therefore, Enviro-Flow waived this issue on appeal.
 {¶ 15} Even if Enviro-Flow had preserved these issues for appeal, we would not find error. If we assume, without deciding, that the Village Administrator had to sign the contract, it is still null and void. R.C.731.141 requires both the Village Administrator *Page 6 
and the Village Clerk to sign the contract. In addition, the contract does not appear to conform to R.C. 705.11 (Village Solicitor is required to approve the contract as to form.). "We think there is no hardship in requiring [contractors], and all other parties who undertake to deal with a municipal body in respect of public improvements, to investigate the subject, and ascertain at their peril whether the preliminary steps leading up to contract, and prescribed by statute, have been taken." (Cite omitted.) Lathrop Co. v. City of Toledo (1966), 5 Ohio St.2d 165,173.
 {¶ 16} Further, Enviro-Flow's second reason sounds in promissory estoppel. However, "[t]he doctrines of equitable estoppel and promissory estoppel are inapplicable against a political subdivision when the political subdivision is engaged in a governmental function."Hortman v. Miamisburg, 110 Ohio St.3d 194, 2006-Ohio-4251, syllabus.
 {¶ 17} Therefore, we find that the trial court did not err when it granted Village's motion for summary judgment.
 {¶ 18} Accordingly, we overrule both of Enviro-Flow's assignments of error and affirm the judgment of the trial court.
 JUDGMENT AFFIRMED. *Page 7 
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and Appellant shall pay the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
 Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion. *Page 1