# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## HARRISON COUNTY

JULIAN AND LINDA TATUM ET AL.,

Plaintiffs-Appellants,

v.

CHARMAINE DAWSON ET AL.,

Defendants-Appellees.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 22 HA 0005**

---

Civil Appeal from the
Court of Common Pleas of Harrison County, Ohio
Case No. CVH 2020-0041

**BEFORE:**
David A. D'Apolito, Carol Ann Robb, Mark A. Hanni, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Adam M. Runkle* and *Atty. Ronald K. Starkey,* Starkey & Runkle, LLC, 638 West Maple Street, Hartville, Ohio 44632, for Plaintiffs-Appellants and

*Atty. Brad L. Hillyer,* Connolly, Hillyer & Ong, Inc., 201 North Main Street, P.O. Box 272, Uhrichsville, Ohio 44683, and *Atty. James F. Mathews,* Baker, Dublikar, Beck, Wiley & Mathews, 400 South Main Street, North Canton, Ohio 44720, for Defendants-Appellees.

Dated: May 24, 2023

**D'APOLITO, P.J.**

**{¶1}** Plaintiffs-Appellants, Julian and Linda Tatum, Scott and Elizabeth Tatum, and Scott and Kelsi Barnhart, appeal the judgment entry of the Harrison County Court of Common Pleas granting summary judgment in favor of Defendants-Appellees, Charmaine Dawson and Berneda Crites, and against Appellants, in this action to quiet title and for declaratory judgment. The complaint and counterclaim were filed in order to determine ownership rights in a one-half mineral interest pursuant to the Dormant Minerals Act, R.C. 5301.56 ("DMA").

**{¶2}** The trial court concluded that Appellants, the current surface owners of four parcels located in Harrison County, Ohio, failed to exercise reasonable diligence in their efforts to locate the successors or assigns of the original owner of the one-half mineral interest prior to serving notice of abandonment by publication. Because Appellants limited their search to Harrison County, despite the existence of an oil and gas lease in the Harrison County public records that included an address for the original mineral interest owner in Tuscarawas County, the judgment entry of the trial court is affirmed.

## STANDARD OF REVIEW

**{¶3}** This appeal is from a trial court judgment resolving cross-motions for summary judgment. An appellate court conducts a *de novo* review of a trial court's decision to grant summary judgment, using the same standards as the trial court set forth in Civ.R. 56(C). *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). Before summary judgment can be granted, the trial court must determine that: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing the evidence most favorably in favor of the party against whom the motion for summary judgment is made, the conclusion is adverse to that party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). Whether a fact is "material" depends on the substantive law of the claim being litigated. *Hoyt, Inc. v. Gordon & Assoc., Inc.*, 104 Ohio App.3d 598, 603, 662 N.E.2d 1088 (8th Dist.1995).

**{¶4}** "[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim." (Emphasis deleted.) *Dresher v. Burt*, 75 Ohio St.3d 280, 296, 662 N.E.2d 264 (1996). If the moving party carries its burden, the nonmoving party has a reciprocal burden of setting forth specific facts showing that there is a genuine issue for trial. *Id.* at 293. In other words, when presented with a properly supported motion for summary judgment, the nonmoving party must produce some evidence to suggest that a reasonable factfinder could rule in that party's favor. *Doe v. Skaggs*, 7th Dist. Belmont No. 18 BE 0005, 2018-Ohio-5402, ¶ 11.

**{¶5}** When assessing cross-motions for summary judgment, each motion must be considered individually and separately, construing the evidence most strongly in favor of the party against whom the motion under consideration was filed. If neither movant is so entitled, both motions must be denied. *Williams v. First United Church of Christ*, 37 Ohio St. 2d 150, 151-152, 309 N.E.2d 924 (1974).

**{¶6}** The evidentiary materials to support a motion for summary judgment are listed in Civ.R. 56(C) and include the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact that have been filed in the case. In resolving the motion, the court views the evidence in a light most favorable to the nonmoving party. *Temple*, 50 Ohio St.2d at 327.

## **FACTS AND PROCEDURAL HISTORY**

**{¶7}** In 1973, Oscar E. Hines and Lois P. Hines transferred property in Harrison County to James Olds Jr. and John J. Lynett, but reserved a one-half interest in the minerals. In a lease recorded in the Harrison County Recorder's Office on January 28, 1982, the Hineses granted rights in the mineral interest to Floyd E. Kimble for a term of ten years. The lease identifies the lessors as "Oscar E. Hines and Lois P. Hines, Husband and Wife, of Route 2, Uhrichsville, Ohio, 44683." Uhrichsville is located in Tuscarawas County, which adjoins Harrison County to the northwest.

{¶8} Oscar died on June 4, 1987 and was a resident of Tuscarawas County. Oscar was preceded in death by Lois. The Tuscarawas address provided in the lease, Route 2, Uhrichsville, Ohio, 44683, has remained in the Hines family since Oscar's death.

{¶9} Appellees are Oscar's daughters, the undisputed and sole heirs to the one-half mineral interest, and the executrices of his estate. The final account in Oscar's estate was filed in Tuscarawas County on September 28, 1999, more than ten years after his death. Despite the fact that Appellees were the owners of the one-half mineral interest, Appellees did not apply for a certificate of transfer to be filed in Harrison County.

{¶10} Appellants acquired the surface rights and the remaining one-half interest in the mineral rights through a subsequent transfer of the subject parcels. After conducting a search of the public records in Harrison County, which yielded the 1987 oil and gas lease that includes the Tuscarawas address, but without conducting a search of the public records in Tuscarawas County, Appellants published their notice of intent to declare the minerals abandoned on February 19, 2011. Having received no response, Appellants recorded their affidavit of abandonment in the Harrison County Recorder's Office on March 30, 2011.

{¶11} Roughly a year later, on February 27, 2012, Appellees filed a motion to reopen Oscar's estate. They applied for a certificate of transfer, which was executed then recorded in the Harrison County Recorder's Office on March 15, 2012.

{¶12} On April 27, 2020, Appellants filed this declaratory judgment action to clear the cloud on the title to the one-half mineral interest. On May 28, 2020, Appellees filed their answer and counterclaim, in which they asserted their right to the one-half mineral interest. On July 16, 2021, Dawson filed an affidavit averring that Appellees were the owners of the one-half mineral interest and entitled to royalties. Following discovery, the parties filed cross-motions for summary judgment.

{¶13} In a judgment entry dated June 7, 2022, the trial court entered summary judgment in favor of Appellees and against Appellants. The trial court concluded that Appellants did not conduct a reasonably diligent search for heirs and assigns based on their failure to extend their public records search to Tuscarawas County. The trial court predicated its decision on three Ohio Supreme Court cases, *Gerrity v. Cervenak*, 162 Ohio St.3d 694, 2020-Ohio-6705, 166 N.E.3d 1230, and the companion cases, *Fonzi v.*

*Brown* and *Fonzi v. Miller*, 169 Ohio St.3d 70, 2022-Ohio-901, ¶ 21, -- N.E.3d – ("*Brown/Miller*"), which were released during the pendency of the trial court proceedings.

{¶14} In *Gerrity* and *Brown/Miller*, the Ohio Supreme Court held that a surface owner's independent knowledge, or information revealed by the surface owner's review of the property and court records in the county where the property was located, may require the search to be extended to the public records in other counties. As a consequence, the trial court opined:

> In the case at bar, [Oscar] leased the minerals in 1982[,] which were recorded in Harrison County to Floyd Kimble[,] which listed [Oscar] with a Tuscarawas residence. The residence listed continues to be owned by heirs of [Oscar]. If surface owners would have sent notice to recorded [sic] address or searched the Tuscarawas County Probate records, heirs and addresses of [Oscar] would have been ascertained. As such, the Court finds the surface owner Plaintiffs have failed to exercise reasonable due diligence. * * * As such, Notice by Publication by the surface owners of their intention to abandon Defendants' mineral interest was insufficient and reasonable due diligence was not performed.

(6/7/22 J.E. p. 3.)

{¶15} This timely appeal followed.

## ANALYSIS

## ASSIGNMENT OF ERROR NO. 1

**THE TRIAL COURT ERRED IN GRANTING [APPELLEES'] MOTION FOR SUMMARY JUDGMENT AS THERE ARE GENUINE ISSUES OF MATERIAL FACT IN DISPUTE.**

{¶16} The DMA provides an extra-judicial mechanism for reuniting abandoned, severed mineral interests with the surface estate. *Gerrity* at ¶ 8. The DMA was amended in 2006, see Sub.H.B. No. 288, 151 Ohio Laws, Part III, 5960, 5966, 5968-5969, to add

Case No. 22 HA 0005

a notice procedure that affords a mineral-interest holder the opportunity to preserve that interest. *West v. Bode*, 162 Ohio St.3d 293, 2020-Ohio-5473, 165 N.E.3d 298, ¶ 23.

**{¶17}** Abandonment is not available until 20 years pass without the occurrence of a saving event, such as the actual production or withdrawal of minerals. R.C. 5301.56(B)(3). After that point, a surface owner must notify the mineral-interest holder of his or her intent to invoke the abandonment process. R.C. 5301.56(B).

**{¶18}** More specifically, the surface owner must serve notice by certified mail of his or her intent to declare the mineral interest abandoned. R.C. 5301.56(E)(1). However, if service by mail cannot be completed to any mineral-interest holder, the surface owner must publish notice of his or her intent to declare the mineral interest abandoned at least once in a newspaper of general circulation in each county in which the land that is subject to the interest is located. *Id.*

**{¶19}** The 2006 amendment enables the mineral-interest holder, upon receipt of the notice of abandonment, to preserve his or her interest by asserting that it has not been abandoned. R.C. 5301.56(H)(1); see also R.C. 5301.56(C)(1)(c). The mineral-interest holder has 60 days from service of notice to complete the necessary steps to preserve the interest. If the mineral-interest holder fails to timely preserve and the surface owner subsequently files a notice of failure to file, then the mineral interest vests in the owner of the surface of the lands formerly subject to the interest. R.C. 5301.56(H)(2).

**{¶20}** The intent of the DMA is to return dormant mineral interests to productive use. *Chesapeake Exploration, L.L.C. v. Buell*, 144 Ohio St.3d 490, 2015-Ohio-4551, 45 N.E.3d 185, ¶ 25. Accordingly, if the mineral-interest holder takes positive steps to reaffirm his or her interest upon receiving notice, then that interest is active, not dormant, and the surface owner is not entitled to reunite the mineral interest with the surface estate.

**{¶21}** A surface owner's failure to satisfy R.C. 5301.56(E) precludes application of the DMA and renders unnecessary any further analysis. *Albanese v. Batman*, 148 Ohio St.3d 85, 2016-Ohio-5814, 68 N.E.3d 800, ¶ 20. In other words, a surface owner who fails to exercise reasonable diligence is not entitled to abandonment under R.C. 5301.56(B). *Brown/Miller* at ¶ 21. The surface owner has the burden of proving that he or she complied with the R.C 5301.56(E) requirements and that he or she exercised reasonable diligence. *Brown/Miller, supra*, at ¶ 23.

**{¶22}** As to what constitutes a reasonable search under R.C. 5301.56(E)(1), we have eschewed a bright-line rule, choosing instead to predicate the reasonableness of a surface owner's search on the particular facts and circumstances of each case. Insofar as R.C. 5301.56(E)(1) clearly provides that notice by publication is a last resort, a sincere, diligent effort by the researcher is required before service by publication is appropriate. *Fonzi v. Miller*, 7th Dist. Monroe No. 19 MO 0011, 2020-Ohio-3739, 155 N.E.3d 986, ¶ 34, aff'd sub nom. *Brown/Miller*, *supra*.

**{¶23}** More specifically, the Ohio Supreme Court held:

Review of publicly available property and court records in the county where the land subject to a severed mineral interest is located will generally establish a baseline of reasonable diligence in identifying the holder or holders of the severed mineral interest. *There may, however, be circumstances in which the surface owner's independent knowledge or information revealed by the surface owner's review of the property and court records would require the surface owner, in the exercise of reasonable diligence, to continue looking elsewhere to identify or locate a holder. But whether that additional search is required will depend on the circumstance of each case * * *

(Emphasis added) *Gerrity* at ¶ 36.

**{¶24}** Such was the case in *Gerrity, supra, Fonzi v. Miller, supra,* and *Fonzi v. Brown*, *supra*, three appeals from this District decided by the Ohio Supreme Court last year. In each case, the Ohio Supreme Court concluded that the reasonable diligence standard required the surface owner to search records beyond the county in which the property was located.

**{¶25}** In *Gerrity*, a certificate of title in the Guernsey County public records, where the subject property was located, reflected the transfer of the reserved mineral interest to a resident of Cleveland, Ohio. However, at the time of her death, the owner of the mineral interest was a resident of Florida. The Ohio Supreme Court held that the surface owners' search, which extended from the public records in Guernsey County to the public records

Case No. 22 HA 0005

in Cuyahoga County, but yielded no heir or assign, satisfied the reasonable diligence standard.

**{¶26}** When Fonzi reserved the mineral rights in property located in Monroe County, Ohio, she resided in Washington County, Pennsylvania. Her Washington County residency was expressly noted in the deed. However, unlike the surface owners in *Gerrity,* the surface owners in *Brown/Miller* did not extend their search for heirs and assigns beyond Monroe County.

**{¶27}** The Ohio Supreme Court affirmed our judgment entry quieting title in the mineral interest to Fonzi, opining:

> In concluding that the surface owner in *Gerrity* exercised reasonable diligence, we emphasized that the surface owner had conducted a "diligent search of the public records" in both the county where the property was located and the last known county of residence of the mineral-rights holder. *Id.* at ¶ 36. Here, however, the surface owners' attempts to locate the mineral-rights holders or the holders' successors or assignees fell short of the attempts made in *Gerrity*. The surface owners confined their searches to only the records for Monroe County, where the property was located, and [a] limited Internet research. The surface owners did not attempt to search public records in Washington County, Pennsylvania, despite the fact that the last known residence of the mineral-rights holder was in that location. The Brown surface owners had notice that at the time the land was transferred to Fonzi, she resided in Finleyville, Pennsylvania (which is in Washington County). Moreover, the deed transferring property from Fonzi to the predecessors-in-interest of the Miller surface owners noted that at the time of that transfer, Fonzi still resided in Washington County, Pennsylvania. Unlike the surface owner in *Gerrity*, here, the surface owners disregarded information about the last known residence of the mineral-rights holder and made no attempt to make any personal service. Instead, the surface owners proceeded straight to notice by publication.

*Brown/Miller* at ¶ 26.

Case No. 22 HA 0005

**{¶28}** Before undertaking any analysis, it is important to note that Appellants assert in their first assignment of error that there exists genuine issues of material fact. To the contrary, the facts in this case are undisputed. The determination of whether Appellants conducted a reasonably diligent search requires a legal not factual determination.

**{¶29}** Appellants cite *Gerrity, supra,* for the proposition that they were not required due to the inexactitude of Uhrichsville address to extend their public records search to Tuscarawas County. *Gerrity* reads, in relevant part, "[t]he language of R.C. 5301.56(E)(1) does not mandate an attempt at service by certified mail when it is apparent that such service cannot be completed. * * * This includes circumstances in which a holder's identity or address is unknown." *Gerrity* at ¶ 24.

**{¶30}** Appellants assert that "Route 2, Uhrichsville, Ohio" is a road, not an address. They further assert, without any factual support, "any attempt to send mail without a house number would have been futile." (Appellants' Brf., p. 12.)

**{¶31}** Contrary to Appellant's argument, the Ohio Supreme Court in *Gerrity and Brown/Miller* do not hold the existence of an address for the mineral interest owner in a county other than the county in which the property is located requires the surface owner to send the notice by certified mail to that address. The *Gerrity* and *Brown/Miller* Courts hold the discovery that a mineral interest owner may reside in a different county requires the surface owner to extend the search to the public records in that county. Insofar as Appellants were required to expand their search due to the Hineses' "Uhrichsville, Ohio" residency reference in the Harrison County public records, their first assignment of error must fail. Accordingly, we find that Appellants' first assignment of error has no merit.

## ASSIGNMENT OF ERROR NO. 2

**THE TRIAL COURT ERRED IN GRANTING [APPELEES'] MOTION FOR SUMMARY JUDGMENT AS THEIR CLAIMS ARE BARRED BY THE DOCTRINE OF LACHES.**

**{¶32}** Although Appellants argued the doctrine of laches in their motion for summary judgment, the trial court did not address the argument. Laches is an equitable

doctrine consisting of four elements: (1) unreasonable delay or lapse of time in asserting a right; (2) absence of an excuse for the delay; (3) knowledge, actual or constructive, of the injury or wrong; and (4) prejudice to the other party. *V.T. Larney, Ltd. v. Locust St. Invest. Co., LP*, 7th Dist. Mahoning No. 17 MA 0101, 2019-Ohio-496, ¶ 40, citing *State ex rel. Polo v. Cuyahoga Cty. Bd. of Elections*, 74 Ohio St.3d 143, 145, 656 N.E.2d 1277 (1995). All four elements must exist for laches to apply.

**{¶33}** The party invoking the doctrine must show the delay caused material prejudice. *Miller v. Cloud*, 7th Dist. Columbiana No. 15 CO 0018, 2016-Ohio-5390, 76 N.E.3d 297, ¶ 85-86, citing *Thirty-Four Corp. v. Sixty-Seven Corp.*, 15 Ohio St.3d 350, 354, 474 N.E.2d 295 (1984). Material prejudice requires actual proof that evidence was lost or the moving party suffered a detriment. *RHDK Oil & Gas, L.L.C. v. Dye*, 7th Dist. Harrison No. 14 HA 0019, 2016-Ohio-4654, ¶ 43, appeal not allowed, 147 Ohio St.3d 1506, 2017-Ohio-261, 67 N.E.3d 823, ¶ 43 (2017), see also *State ex rel. Donovan v. Zajac*, 125 Ohio App.3d 245, 250, 708 N.E.2d 254, 258 (11th Dist.1998).

**{¶34}** A decision of whether or not to apply the doctrine of laches is within the discretion of the trial court and will not be overturned absent an abuse of discretion. *DeRosa v. Parker*, 7th Dist. Mahoning No. 10 MA 84, 197 Ohio App.3d 332, 2011-Ohio-6024, 967 N.E.2d 767, ¶ 49. Abuse of discretion is more than an error of law or judgment; instead it is a finding that the trial court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**{¶35}** Appellants argue that the typical mineral interest owner is a "far-flung heir" or a "distant relative" with "no possible way of having either actual or constructive notice of their mineral interests." (Appellants' Br., p. 13.) Appellants further argue that Appellees in the case sub judice not only had actual knowledge of their ownership of the mineral interests, but also failed their duty as executrices to preserve the mineral interests by timely filing a certificate of transfer in Harrison County. In other words, Appellants assert that Appellees' failure to file a certificate of transfer in Harrison County relieves Appellants of their duty to conduct a reasonably diligent search.

**{¶36}** To the contrary, Appellants have failed to demonstrate that they suffered material prejudice as a result of Appellees' failure to file the certificate of transfer in

Case No. 22 HA 0005

Harrison County prior to 2012. The Tuscarawas address in the oil and gas lease required Appellants to extend their public records search from Harrison County to Tuscarawas County. Had Appellees filed the certificate of transfer at any time prior to 2011, and included their Tuscarawas addresses in the certificate of transfer, Appellants would have likewise been required to extend their search from Harrison County to Tuscarawas County. In other words, assuming that there was certificate of transfer recorded in the Harrison County Recorder's office in 2011, Appellants' statutory duty under the DMA would be the same. Consequently, we find that the Appellant's second assignment of error has no merit.

## CONCLUSION

**{¶37}** For the following reasons, the judgment entry of the trial court is affirmed.

Robb, J., concurs.

Hanni, J., concurs.

[Cite as *Tatum v. Dawson*, 2023-Ohio-1746.]

_____

For the reasons stated in the Opinion rendered herein, the assignments of error are overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Harrison County, Ohio, is affirmed.  Costs to be taxed against the Appellants.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**