[Cite as *Thomson v. K & R Conservation, L.L.C.*, 2024-Ohio-6098.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

RONALD WAYNE THOMSON, et al.

    Appellees

    v.

K & R CONSERVATION, LLC, et al.

    Appellants

C.A. No.    31114

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE No.    CV-2022-05-1655

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

SUTTON, Judge.

{¶1}    Defendants-Appellants K&R Conservation, LLC and K&R Resources, LLC appeal the judgment of the Summit County Court of Common Pleas. For the reasons that follow, this Court affirms.

## I.

### **Relevant Background Information**

{¶2}    This appeal arises from a dispute between K&R Conservation and K&R Resources and Plaintiffs-Appellees Ronald W. Thomson and the Estate of Alec W. Thomson ("the Thomsons") concerning ownership of oil and gas rights in real property located in Harrison County, Ohio.

{¶3}    Alec and Martha Thomson, parents of Alec W. Thomson (now deceased) and Ronald W. Thomson, owned several hundred acres of real property in Harrison County, Ohio. In 1967, Alec and Martha conveyed 160 acres of the property to Island Creek Coal Company,

reserving ownership of oil and gas rights underlying the real property ("the 1967 Reservation"). In 1968, Alec and Martha conveyed an additional 40 acres to Island Creek Coal Company, likewise reserving ownership of the oil and gas rights ("the 1968 Reservation").

{¶4}   Thus, the oil and gas rights were severed from the rest of the real property, with Island Creek owning the surface property and Alec and Martha Thomson owning the oil and gas rights.   The surface property was transferred several times and is currently owned by K&R Conservation.

{¶5}   In 1987, Alec died and his fiduciary, Alec W. Thomson, opened a probate estate for him in the probate court in Summit County, Ohio because Summit County was where Alec was domiciled at the time of his death.  The application for authority to administer estate listed 621 Sleepy Hollow Drive, Uniontown, which is located in Summit County, Ohio, as Alec's domicile.  Alec's last will and testament conveyed the residue of his estate, both real and personal property, to his widow Martha, but the oil and gas rights were not specifically listed or separately identified as assets of Alec's estate.   Martha, Ronald W. Thomson, and Alec W. Thomson, were identified as Alec's next-of-kin in the Summit County probate case and their addresses were listed. Alec W. Thomson's address was listed as 158 Swainford Drive, Heath, Ohio.  These documents were attached to the Thomsons' motion for summary judgment.

{¶6}   Also in 1987, an affidavit evidencing Alec's death and conveying his interest in 621 Sleepy Hollow Drive to Martha was recorded in the Summit County Records.  This deed was attached to the motion for summary judgment of K&R Conservation and K&R Resources.  In 1988, a deed conveying Martha's interest in 621 Sleepy Hollow Drive to Ronald W. Thomson and Alec W. Thomson as trustees was recorded in the Summit County Records.  This deed included a tax mailing address of 158 Swainford Drive, Heath, Ohio and was also attached to the motion for

summary judgment of K&R Conservation and K&R Resources, as was a recorded 1990 deed transferring 621 Sleepy Hollow Drive to Charles and Annabelle Clements. Ronald W. Thomson and Alec W. Thomson were listed on the 1990 deed as trustees. In 1992, Martha died and no estate was opened for her in probate court. A death certificate for Martha listed Ronald Thomson as the informant together with an address for Ronald. Martha's death certificate was attached to the Thomsons' motion for summary judgment.

{¶7} On June 25, 2014, K&R Conservation filed an affidavit of abandonment in the Harrison County Records, pursuant to R.C. 5301.56(H)(2), seeking to deem the 1967 Reservation abandoned and reunite the mineral rights and the real property under the Dormant Mineral Act. Prior to filing the affidavit, K&R Conservation conducted a search of public records in Harrison County, Ohio, including real estate records and probate court records. The search revealed a Summit County, Ohio address associated with Alec and Martha, 621 Sleepy Hollow Drive, Uniontown, Ohio. On May 2, 2014, K&R Conservation sent a notice of its intent to have the oil and gas rights covered by the 1967 Reservation deemed abandoned to 621 Sleepy Hollow Drive by certified mail, but it was returned unclaimed. The next day, K&R Conservation published its notice of intent in the Harrison News-Herald for one week beginning on May 3, 2014. K&R Conservation did not search any public records in Summit County for information concerning Alec and Martha. On July 21, 2014, K&R Conservation recorded an Affidavit of Facts in the Harrison County Records, which stated in part:

> The Holder or Holders of the Mineral Interest as set forth in the Affidavit of Abandonment recorded in Official Records Book 220, Page 1707 of the Harrison County records failed to file a claim to preserve or an affidavit that identified an event described in O.R.C. §5301.56(B)(3) that has occurred within the twenty years immediately preceding notice.

Therefore, pursuant to §5301.56(H)(2), this Mineral Interest is abandoned pursuant to Affidavit of Abandonment recorded in Official Records Book 220, Page 1707 of the Harrison County Records.

{¶8} In 2017, K&R Conservation began the process of having the oil and gas rights covered by the 1968 Reservation deemed abandoned as well. K&R Conservation conducted an updated search of public records in Harrison County only, which revealed no additional information. On December 15, 2017, K&R Conservation sent notice of its intent to have the mineral rights covered by the 1968 Reservation deemed abandoned to 621 Sleepy Hollow Drive. Again, the certified mail was returned unclaimed. The next day, K&R Conservation published notice of its intent in the Harrison News-Herald for one week beginning on December 16, 2017. On January 22, 2018 K&R Conservation filed a second affidavit of abandonment for the 1968 Reservation, pursuant to R.C. 5301.56(H)(2), in the Harrison County Records.

{¶9} On February 14, 2018, Alec W. Thomson recorded an Affidavit of Preservation in the Harrison County Records to protect the oil and gas rights covered in the 1968 Reservation using as his address 158 Swainford Drive, Heath, Ohio, the same address listed in Alec's estate case in Summit County and on the 1988 recorded deed for 621 Sleepy Hollow Drive.

{¶10} On May 20, 2022, the Thomsons filed a complaint for declaratory judgment and to quiet title against K&R Conservation and K&R Resources in the Summit County Court of Common Pleas claiming ownership of the mineral rights. K&R Conservation and K&R Resources likewise claim ownership of these rights.

{¶11} The Thomsons and K&R Conservation and K&R Resources filed cross-motions for summary judgment and entered a limited stipulation that provided, "[the Thomsons and K&R Conservation and K&R Resources] stipulate that the [c]ourt may consider the evidentiary materials submitted by all parties, including all party-defendants, to date in support of and in opposition to

the parties' pending summary judgment motions." The limited stipulation was subject to "(1) any objections to or arguments about the parties' evidence contained within all parties' summary judgment motions and briefs and (2) K&R['s] pending motion to strike certain evidence attached to Plaintiffs' summary judgment briefs." The motion to strike concerned discovery responses in the previously dismissed case[1] and not the copies of deeds and probate documents attached to the parties' motions for summary judgment.

{¶12} On March 28, 2024, the trial court granted the Thomsons' motion for summary judgment and denied the motion for summary judgment of K&R Conservation and K&R Resources, stating in relevant part: "the [c]ourt concludes that the Thomsons (i.e. Ronald [W. Thomson] and the Estate in place of Alec W. [Thomson]) hold the oil and gas interests covered by the 1967 Reservation as derived through a combination of testate and intestate succession from Alec and Martha Thomson." The trial court further stated, "[s]imilarly, the [c]ourt concludes Ronald [W. Thomson] holds an interest in the oil and gas rights covered by the 1968 Reservation through the same combination of testate and intestate succession." The trial court concluded K&R Conservation did not comply with the notice requirements of R.C. 5301.56, the Dormant Mineral Act and therefore the mineral interests did not become vested in the owner of the surface of the lands, K&R Conservation. Specifically, the trial court concluded K&R Conservation did not exercise reasonable diligence to identify or locate the holder of the mineral rights because K&R Conservation did not conduct a search of the public records in Summit County, Ohio, although it

---

[1] This appeal is from a refiled case. The prior case number was CV-2021-07-2362.

knew of the mineral rights holders' connection to Summit County.[2]  In a separate judgment entry, the trial court stated: "[the Thomsons] are the lawful owners of the Mineral Interest in dispute in this action, to the exclusion of [K&R Conservation and K&R Resources,] and hereby orders that title to the subject Mineral Interest be and hereby is quieted to [the Thomsons.]

{¶13}  K&R Conservation and K&R Resources appeal, raising one assignment of error for our consideration.

II.

### ASSIGNMENT OF ERROR I

**THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT TO [THE THOMSONS] AND AGAINST [K&R CONSERVATION AND K&R RESOURCES].**

{¶14}  Under their sole assignment of error, K&R Conservation and K&R Resources argue: (1) their search for the holders of the mineral rights was reasonable; (2) searching the public records in Summit County would have been a vain or futile act because it would not have led them to the Thomsons; and (3) quieting title to the oil and gas rights in favor of the Thomsons is inequitable.

{¶15}  The Thomsons argue K&R Conservation and K&R Resources were required to search the public records in Summit County to satisfy the requirement that they conduct a reasonable search for the holders of the oil and gas interests.  They argue K&R Conservation and K&R Resources knew Alec and Martha had resided in Summit County and knew their address yet failed to conduct a search of the public records in Summit County, which would have revealed the

---

[2] The trial court also analyzed whether the Thomsons' mineral interests were extinguished under R.C. 5301.47, et seq., the Marketable Title Act ("MTA.")  In its decision on the summary judgment motions, the trial court found that the Thomsons' mineral interests were not extinguished under the MTA.  K&R Conservation and K&R Resources are not challenging this portion of the trial court's decision in their appeal.

names and addresses of Alec's and Martha's heirs. Therefore, they argue, K&R Conservation did not comply with the notice requirements of the Dormant Mineral Act and the oil and gas rights underlying the Harrison County parcels have not vested with K&R Conservation.

## Summary Judgment Standard of Review

{¶16} Appellate review of an award of summary judgment is de novo. *Grafton v. Ohio Edison Co.,* 77 Ohio St.3d 102, 105 (1996). Summary judgment is appropriate under Civ.R. 56 when: (1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion and that conclusion is adverse to the nonmoving party. *Temple v. Wean United, Inc.,* 50 Ohio St.2d 317, 327 (1977), citing Civ.R. 56(C). A court must view the facts in the light most favorable to the non-moving party and must resolve any doubt in favor of the non-moving party. *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359 (1992).

## The Dormant Mineral Act

{¶17} R.C. 5301.56, also known as the Dormant Mineral Act or DMA, provides a procedure by which the surface owner of real property can reunite mineral rights with the surface property, when such mineral rights had been severed from the surface rights.

{¶18} R.C. 5301.56(B) provides in relevant part:

Any mineral interest held by any person, other than the owner of the surface of the lands subject to the interest, shall be deemed abandoned and vested in the owner of the surface of the lands subject to the interest if the requirements established in division (E) of this section are satisfied[.]

{¶19} Division (E) of R.C. 5301.56 is the provision requiring notice to the holder of the mineral rights. The Supreme Court of Ohio explained in *Gerrity v. Chervenak*, 2020-Ohio-6705, and again in *Fonzi v. Brown,* 2022-Ohio-901:

> [T]he DMA "provide[s] a mechanism for reuniting abandoned, severed mineral interests with the surface estate." [*Gerrity*] at ¶ 8. The mechanism is called abandonment. Certain saving events, such as "actual production or withdrawal of minerals," insulate a mineral interest from the DMA's abandonment process for 20 years. R.C. 5301.56(B)(3)(b). The General Assembly amended the DMA in 2006, *see* Sub.H.B. No. 288, 151 Ohio Laws, Part III, 5960, 5966, 5968-5969, to add a notice procedure that "afford[s] a mineral-interest holder the opportunity to preserve that interest." *West v. Bode*, 162 Ohio St.3d 293, 2020-Ohio-5473, 165 N.E.3d 298, ¶ 23.

*Fonzi* at ¶ 13.  The process pursuant to the DMA requires notice be given to the holder of the mineral rights or each holder's successors or assignees via certified mail, or if service of notice cannot be completed by certified mail, service by publication is required.  R.C. 5301.56(E) provides in relevant part:

> Before a mineral interest becomes vested under division (B) of this section in the owner of the surface of the lands subject to the interest, the owner of the surface of the lands subject to the interest shall do *** the following:
>
> (1) Serve notice by certified mail, return receipt requested, to each holder or each holder's successors or assignees, at the last known address of each, of the owner's intent to declare the mineral interest abandoned. If service of notice cannot be completed to any holder, the owner shall publish notice of the owner's intent to declare the mineral interest abandoned at least once in a newspaper of general circulation in each county in which the land that is subject to the interest is located.

{¶20}  In *Gerrity,* 2020-Ohio-6705, the Supreme Court of Ohio addressed the obligations of a surface owner to identify and notify the holders of severed mineral interests of the surface owner's intent to have the mineral rights deemed abandoned.  The facts of that case are as follows: The surface owners did a title search of the real property located in Guernsey County, Ohio and identified a Cuyahoga County address for the owner of the mineral rights.  Certified mail sent to that address came back marked "Vacant-Unable to Forward."  The holder died in 1997 as a resident of Florida.  Gerrity was the holder's son and sole heir and claimed ownership of the mineral rights in a quiet title and declaratory judgment action.  The trial court granted summary judgment in favor

of the surface owners. The Fifth District Court of Appeals affirmed, stating the surface owners complied with the statute by sending certified mail to the mineral rights holder's last known address and unsuccessfully searching the Cuyahoga and Guernsey records for further information. *Id.* at ¶ 11. Gerrity appealed to the Supreme Court of Ohio, which set forth a surface owner's obligations under the DMA, stating:

> Review of publicly available property and court records in the county where the land subject to a severed mineral interest is located will generally establish a baseline of reasonable diligence in identifying the holder or holders of the severed mineral interest. There may, however, be circumstances in which the surface owner's independent knowledge or information revealed by the surface owner's review of the property and court records would require the surface owner, in the exercise of reasonable diligence, to continue looking elsewhere to identify or locate a holder. *But whether that additional search is required will depend on the circumstance of each case*, and it was not required in this case.

(Emphasis added.) *Id.* at ¶ 36. Importantly, in *Gerrity*, the Court stated a "diligent search of the public records in both *Guernsey County and Cuyahoga County* revealed no indication the sole record holder was deceased and offered no clue as to the identity of any potential successors or assigns." (Emphasis added.) *Id.* Therefore, while *Gerrity* stands for the proposition that a search in the county where the real property is located is the minimum reasonable diligence required, whether an additional search is required will depend on the circumstances of each case. In *Gerrity*, the surface owners' reasonable diligence also included a search in Cuyahoga County, the last known residence of the mineral rights holder.

{¶21} A couple of years after *Gerrity*, in *Fonzi*, 2022-Ohio-901, the Supreme Court of Ohio applied *Gerrity* to the facts of that case, stating: "[t]he critical question before us now, then, is whether the surface owners exercised reasonable diligence in attempting to identify all holders of the mineral interests in these cases." *Id.* at ¶ 24. The Court also explained, "the surface owner

has the burden of showing that he or she was reasonably diligent in attempting to identify and locate the holders of the mineral interest before resorting to service by publication." *Id.* at ¶ 23.

{¶22} In *Fonzi*, the Supreme Court of Ohio concluded the surface owners did not exercise reasonable diligence. The real property in *Fonzi* was located in Monroe County, Ohio, and the surface owners confined their search to only the records for Monroe County, plus a limited internet search, despite the fact the surface owners knew the last known residence of the mineral rights holder was in Washington County, Pennsylvania. *Id.* at ¶ 26.

{¶23} Since *Gerrity* and *Fonzi*, Ohio appellate courts have addressed the "reasonable diligence" requirement in the context of notice under the DMA. In *Toma v. Devaul,* 2023-Ohio-2163 (5th Dist.), the Fifth District Court of Appeals stated, "reasonable diligence requires counsel to use common and readily available sources in his search. *Id.* at ¶ 24, citing *Channel v. Hall*, 1991 WL 262081, *2 (5th Dist. Nov. 12, 1991). The *Toma* Court further stated:

> [The surface owners] possessed information that suggested that the [mineral rights holders] resided in Belmont County, and we find that a reasonably diligent search for the . . . heirs, successors and assigns would include a review of public records in Belmont County. Because [the surface owners] neglected to complete a search of the Belmont County Record, they failed to comply with the reasonable-diligence standard imposed by the Supreme Court of Ohio in *Gerrity* and thus were not entitled to pursue notice via publication under R.C. 5301.56.

*Id.* at ¶ 30. In *Tatum v. Dawson,* 2023-Ohio-1746 (7th Dist.), the Seventh District Court of Appeals reiterated the holdings of *Gerrity* and *Fonzi*, stating "the discovery that a mineral interest owner may reside in a different county requires the surface owner to extend the search to the public records in that county." *Id.* ¶ 31. *See also Beckett v. Rosza,* 2021-Ohio-4298, ¶ 34 (7th Dist.) ("Ohio courts have uniformly concluded that the failure to continue a search for heirs in the state of the last known address of the [mineral rights] holders is unreasonable[.]").

{¶24} The case before us presents facts similar to those in *Gerrity*, *Fonzi, Toma,* and *Beckett* in which the surface owners had information concerning the residences of the mineral rights holders. K&R Conservation knew the holders of the oil and gas rights last resided in Summit County, Ohio, and even had an address for them. When certified mail sent to that address came back unclaimed, K&R Conservation did not search the Summit County court records or property records for further information before resorting to service by publication in Harrison County.

{¶25} K&R Conservation and K&R Resources argue a search in Summit County would have been futile because nothing filed or recorded in Summit County would have led K&R Conservation to the Thomsons. In making this argument, they point out Alec died in 1987 and Martha died in 1992. Therefore, they argue K&R Conservation would be "searching information relating to [Martha,]" and there were no documents filed in the Summit County Recorder's Office or Summit County Probate Court evidencing her death or identifying her heirs, successors or assigns.

{¶26} They do not explain, however, why their search would be limited to Martha. It is undisputed Alec died first, but K&R Conservation did not know that when they initiated the processes to have the mineral rights deemed abandoned. At that time, K&R Conservation had the names Alec Thomson and Martha Thomson and an address of 621 Sleepy Hollow Drive, Uniontown, Ohio. The Supreme Court of Ohio in *Fonzi*, 2022-Ohio-901, stated:

> Requiring that a surface owner exercise reasonable diligence is not tantamount to requiring the owner to engage in futile or vain acts. Surface owners are not required to do the impossible and locate undiscoverable holders; instead, they must exercise reasonable diligence in attempting to identify and locate the holders of the mineral interest. **In cases like those before us today, the issue is not whether the surface owner could have located all mineral-rights holders by exercising reasonable diligence. Instead, the question is whether the surface owner did exercise reasonable diligence. If the surface owner did not exercise reasonable diligence, then the mineral rights could not have been deemed abandoned under the DMA**. If, however, the surface owner did exercise reasonable diligence,

then the mineral rights can rightly be deemed abandoned under the DMA, so long as the remaining requirements and conditions of the DMA have been met.

(Emphasis added.) *Id.* at ¶ 22.

{¶27} K&R Conservation and K&R Resources also assert the Thomsons admit in discovery responses that a search of the Summit County public records would have been fruitless and would have led to the same place-service by publication. Our review of the Thomsons' discovery responses does not bear this out. The Thomsons admitted there were no documents filed in the Summit County Recorder's Office evidencing Martha's death or identifying any of her heirs, successors or assigns, or in the Summit County Probate Court evidencing her death or opening an estate on her behalf. However, these responses do not admit a search of the public records in Summit County would have been futile, as a reasonable search would have included a search for records concerning Alec Thomson.

{¶28} Finally, K&R Conservation and K&R Resources argue the Supreme Court's decisions in *Gerrity* (2020) and *Fonzi* (2022) were not available to them and their title examiners in 2014 and 2017 when they undertook their searches for the holders of the oil and gas rights and therefore this should play a role in whether to grant equitable relief in the form of quiet title to the Thomsons. Other than a conclusory statement in their answer requesting the Thomsons' complaint be dismissed, that they be awarded attorneys' fees and court costs, and any other equitable or legal relief deemed appropriate, K&R Conservation and K&R Resources did not argue this issue in their motion for summary judgment or in their response to Plaintiff's motion for summary judgment and have waived this issue on appeal. It is axiomatic that a litigant's failure to raise an issue at the trial court level waives the litigant's right to raise that issue on appeal. *Shover v. Cordis Corp.*, 61 Ohio St.3d 213, 220 (1991), overruled on other grounds. Thus appellate courts generally will not consider any error a party failed to bring to the trial court's attention at a time when the trial

court could have avoided or corrected the error. *Schade v. Carnegie Body Co.*, 70 Ohio St.2d 207, 210 (1982). *See also Enviro–Flow Cos., Ltd. v. Chauncey,* 2008-Ohio-698, ¶ 14 (4th Dist.) (declining to address argument not initially raised in response to motion for summary judgment).

**{¶29}** Therefore, in accordance with *Gerrity* and *Fonzi* and based on our de novo review, under the undisputed facts of this case, K&R Conservation did not exercise reasonable diligence to identify the holders of the mineral rights. Those facts include: (1) K&R Conservation knew the names of the original holders of the 1967 and 1968 Reservations; (2) K&R Conservation had a specific address for them in Summit County of 621 Sleepy Hollow Drive, Uniontown, Ohio; (3) certified mail sent to that address came back unclaimed; and (4) K&R Conservation did not search any court, property, or other public records for the names Alec Thomson or Martha Thomson in Summit County, Ohio before resorting to service by publication in Harrison County.

**{¶30}** Knowledge of the names of the original holders of the mineral rights together with their specific street address in Summit County, Ohio required further investigation by K&R Conservation of the public records in Summit County. The trial court did not, nor do we, establish a "bright line rule" here. This decision is based on the facts of this case where the surface owner admittedly knew the last known address of the mineral rights holders in Summit County and failed to exercise reasonable diligence to conduct a search of the public records in Summit County for information concerning those holders. Indeed, "the issue is not whether the surface owner could have located all mineral-rights holders by exercising reasonable diligence. Instead, the question is whether the surface owner did exercise reasonable diligence." *Fonzi*, 2022-Ohio-901, at ¶ 22.

**{¶31}** Although not controlling, because K&R Conservation and K&R Resources argue a search of the Summit County records would have been futile, we note the undisputed record shows

public court records in Summit County included Alec's probate case, his last will and testament, his death certificate, and the names and addresses of his next-of-kin, including Alec W. Thomson and Ronald W. Thomson. Property records in Summit County included deeds conveying the 621 Sleepy Hollow Drive property and the names of Ronald W. Thomson and Alec W. Thomson as trustees as well as a tax mailing address that matched Alec. W. Thomson's address in his father's probate records and the 2018 Affidavit of Preservation. While Martha's death certificate was not filed in the Summit County Recorder's Office, death certificates in Ohio are public records and Martha's death certificate evidenced she died in Summit County and listed Ronald Thomson as the informant together with an address for him.

{¶32} Our de novo review supports the trial court's granting of the Thomsons' motion for summary judgment and denying the motion for summary judgment of K&R Conservation and K&R Resources. There is no genuine issue as to any material fact, the Thomsons are entitled to judgment as a matter of law, and viewing the evidence most strongly in favor of K&R Conservation and K&R Resources, reasonable minds can come to but one conclusion and that conclusion is adverse to K&R Conservation and K&R Resources.

{¶33} Therefore, the assignment of error of K&R Conservation and K&R Resources is overruled.

III.

{¶34} The sole assignment of error of K&R Conservation and K&R Resources is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellants.

 

BETTY SUTTON
FOR THE COURT

STEVENSON, P. J.
CARR, J.
CONCUR.

APPEARANCES:

MATTHEW W. ONEST, Attorney at Law, for Appellants.

EDWARD V. BUEHRLE, Attorney at Law, for Appellants.

JOHN C. FINNUCAN, Attorney at Law, for Appellees.